UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHANNON T. ADAMS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:20-CV-204-CLC-CRW |
| HILTON HALL, | ) |
| Respondent. | ) |

## **M E M O R A N D U M**

This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging two Cocke County, Tennessee, convictions from March 13, 2006 [Doc. 2]. Now before the Court are Petitioner Shannon T. Adams's motion for documents [Doc. 12] and Respondent Hilton Hall's motion to dismiss the petition as time-barred [Doc. 17]. In support of the motion to dismiss, Respondent filed a memorandum [Doc. 18] and the state-court record [Doc. 16]. Petitioner filed a response in opposition to Respondent's motion to dismiss [Doc. 19]. Respondent did not file a reply, and his time to do so has passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, Respondent's motion to dismiss [Doc. 17] will be **GRANTED**, this action will be **DISMISSED**, and Petitioner's motion for documents [Doc. 12] will be **DENIED AS MOOT**.

I. **STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for a petitioner to file an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The statute specifically provides, in relevant part, that the one-year statute of limitation runs from "the date on which the judgment became final by the

conclusion of direct review" 28 U.S.C. § 2244(d)(1)(A). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

II.    **ANALYSIS**

On March 13, 2006, Petitioner pled guilty to two counts of first-degree murder [Doc. 16-1 at 98; Doc. 16-2 at 116]. These convictions became final on April 13, 2006, the day on which Petitioner's time to file a direct appeal expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired)). The AEDPA statute of limitations began to run the next day, on April 14, 2006, and expired a year and two days later on April 16, 2007, as Petitioner did not file any collateral state-court actions to pause the AEDPA clock or a federal petition for habeas corpus during that time. Accordingly, Petitioner's § 2254 petition, which he filed on September 29, 2020 [Doc. 2 at 12], is untimely.

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued his rights but an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. A petitioner bears the burden to demonstrate he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552,

561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

In his petition, Petitioner asserts that his habeas corpus petition is timely because he "was never advised of any such rights" [Doc. 2 at 11], presumably referring to his right to file a petition for a writ of habeas corpus. Also, in his response in opposition to Respondent's motion to dismiss, Petitioner asserts that his counsel in the underlying state-court criminal proceeding never advised him of his right to file an appeal or other post-conviction motion, but rather advised him that the matter was final [Doc. 19 at 1–2].

These allegations are insufficient to entitle Petitioner to equitable tolling of the AEDPA statute of limitations. Petitioner has failed to establish that he diligently pursued his right to file a habeas corpus petition during the more than fourteen years that followed his conviction becoming final. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) (holding "ignorance of the law alone is not sufficient to warrant equitable tolling"); *see also Winkfield v. Bagley,* 66 F. App'x 578, 582–83 (6th Cir. 2003) (finding that, even where counsel "actively misled" the petitioner about the status of his state-court proceedings, the petitioner was not entitled to equitable tolling because he failed to show that he diligently pursued his rights under § 2254 in the following ten years).

Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, Respondent's motion to dismiss the petition [Doc. 17] will be **GRANTED**, and this action will be **DISMISSED**.

III. <u>**CERTIFICATE OF APPEALABILITY**</u>

The Court next must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case

3

Case 2:20-cv-00204-CLC-CRW   Document 20   Filed 02/17/21   Page 3 of 4   PageID #: 290

only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the Court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred and Petitioner is not entitled to equitable tolling, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss the petition as time-barred [Doc. 17] will be **GRANTED**, this action will be **DISMISSED**, a COA will not issue, and Petitioner's motion for documents [Doc. 12] will be **DENIED AS MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**